## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

ACT II JEWELRY, LLC
d/b/a/ lia sophia,
      Plaintiff,

        vs.

LARENDA PAUL
      Defendant.

Civil Action No. _____

## COMPLAINT

Plaintiff ACT II Jewelry, LLC d/b/a lia sophia ("Plaintiff" or "lia sophia"), by and through its undersigned attorney, complain of defendant Larenda Paul, doing business under the following Ebay seller IDs: stelthjp, sneaklp, sodfath, and bthsave, ("Defendant"), and allege as follows:

## NATURE OF THE ACTION

1.    Plaintiff seeks injunctive relief and damages for acts of trademark infringement and copyright infringement engaged in by Defendant in violation of the laws of the United States through the sale of counterfeit jewelry items.

## JURISDICTION AND VENUE

2.    This case involves Defendant's trademark and copyright infringement.

3.    This Court has subject matter jurisdiction over the claims in this action relating to copyright infringement and trademark infringement pursuant to 15 U.S.C. § 1121, 17 USC §501 *et seq.*, and 28 U.S.C. §§ 1331 and 1338.

4.    Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), because Defendant is subject to personal jurisdiction within this judicial district and/or because a substantial part of the events giving rise to these claims occurred within this judicial district.

## THE PARTIES

4.      Plaintiff ACT II Jewelry, LLC, doing business as lia sophia, is a limited liability company organized under the laws of the State of Delaware, having an office and place of business at 1235 N. Mittel Blvd., Wood Dale, IL 60191.

5.      Defendant Larenda Paul, doing business under the following seller IDs on Ebay: stelthjp, sneaklp, sodfath, and bthsave, is an individual having an address at 1809 Highway 6, Gaston, SC 29053-9782. Defendant is transacting and doing business in this judicial district and is subject to the jurisdiction of this Court.

## FACTS

### The lia sophia Business

6.      lia sophia is the leading fashion jewelry direct sales company in the United States. The company is a family owned and operated business and has been in business for twenty-five years. In that time, lia sophia has achieved a reputation for excellence in design, creativity, quality and customer service in the field of jewelry.

7.      lia sophia jewelry has distinctive and original designs, which are protected under the copyright laws of the United States.

8.      lia sophia products are marketed to fashion-conscious consumers and are sold only through an authorized independent sales force.

### lia sophia's Intellectual Property

9.      lia sophia is the owner and registrant of U.S. Trademark Registration No. 3,193,032 for the LIA SOPHIA mark, attached as **Exhibit A**, for use in connection with jewelry (the "LIA SOPHIA Mark"). Such registration is valid and subsisting, and the trademark thereof is a valid and subsisting mark.

9.      lia sophia is also the owner and registrant of Copyright Registration Nos. VA 1-766-259, VA 1-735-839, and VA 1-770-423, attached as **Exhibit B**, which cover lia sophia jewelry designs that have been counterfeited by the Defendant ("Copyrighted Designs"). Such registrations are valid and subsisting.

### Defendant's Unlawful Activity

10.     Defendant has engaged in the offer for sale, sale, advertising and distribution of counterfeit jewelry items bearing the LIA SOPHIA Mark that are copies of, bear substantially similar designs to, the Copyrighted Designs.

2

2081802-1

15. The activities of the Defendant complained of herein constitute willful and intentional infringement of lia sophia's Copyrighted Designs and LIA SOPHIA Mark.

16. As early as October 2011, lia sophia placed Defendant on notice that she was engaged in the sale of counterfeit lia sophia jewelry items and to immediately cease and desist.

17. In spite of Defendant's knowledge that Defendant was selling counterfeit products in direct contravention of lia sophia's rights, Defendant has continued to offer for sale, sell, advertise and distribute certain counterfeit lia sophia jewelry items.

## COUNT I
## TRADEMARK COUNTERFIETING

18. Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

19. Defendant has used and continues to use, in interstate commerce, counterfeit marks which are identical or confusingly similar to the LIA SOPHIA Mark without the consent of Plaintiff.

20. The foregoing acts are intended to cause and are likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tend to and do falsely create the impression that Defendant and/or Defendant's goods are authorized by, approved by, sponsored by, or connected with Plaintiff.

21. Defendant's unlawful actions have caused and are likely to continue to cause irreparable damage to Plaintiff.

22. Defendant has been and is continuing to use the LIA SOPHIA Mark with full knowledge of and/or willful disregard for Plaintiff's exclusive rights in the LIA SOPHIA Mark in connection with jewelry products.

23. Defendant's conduct is intentionally willful, wanton, fraudulent, and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's goodwill signified by the LIA SOPHIA Mark.

24. Defendant's acts constitute counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

25. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

2081802-1

## COUNT II
## COPYRIGHT INFRINGEMENT

20.     Plaintiff repeats and reincorporates herein by reference each of the foregoing allegations.

21.     Plaintiff is the owner of the Copyrighted Designs.

22.     Defendant, without authorization from Plaintiff, has distributed, advertised, promoted, sold and offered for sale jewelry products that copy, or are substantially similar to, the Copyrighted Designs.

23.     Defendant thereby has willfully infringed and, upon information and belief, is continuing to willfully infringe the Copyrighted Designs.

24.     By its acts, Defendant has made and will make substantial profits and gains to which it is not in law or in equity entitled.

25.     Upon information and belief, Defendant intends to continue its willfully infringing acts, and will continue to willfully infringe the Copyrighted Designs and to act in bad faith, unless restrained by this Court.

26.     Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays that this Court enter the following judgment and order after a TRIAL BY JURY:

A.     That Defendant, her agents, servants, employees, successors, distributors, assigns, and those controlled by or in active concert or participation with Defendant:

(1)     be found liable for copyright infringement as proven at trial;

(2)     be ordered to submit an accounting of all gains, sales, profits and advantages derived by Defendant from her copyright infringement;

(3)     be found liable for willful copyright infringement;

4

2081802-1

(4)     That for such copyright infringement, Defendant, her agents, servants, employees, successors, distributors, assigns, and those controlled by or in active concert or participation with Defendant be ordered to pay Plaintiff:

a.      Such damages as Plaintiff has sustained in consequence of Defendant's infringement of said copyrights, including, to the extent available, punitive damages in an amount to be determined and to account for and pay to Plaintiff all gains, profits and advantage derived by Defendant from its infringement of Plaintiff's copyrights, the total amount to be determined at a trial of this action, or such damages as shall appear proper within the provisions of the Copyright statute; or in the alternative;

b.      In the event that Plaintiff's actual damages, including Defendant's profits, are less than One Hundred Fifty Thousand Dollars ($150,000.00) per copyright registration and Defendant is found to have willfully infringed, that Plaintiff be awarded statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per copyright registration pursuant to the provision of 17 U.S.C. § 504(c)(2); or in the alternative;

c.      In the event that Defendant is not found to have willfully infringed and Plaintiff's actual damages, including Defendant' profits, are less than Thirty Thousand Dollars ($30,000.00) per copyright registration, that Plaintiff be awarded statutory damages in the amount of Thirty Thousand Dollars ($30,000.00) per copyright registration pursuant to the provision of 17 U.S.C. § 504(c)(1); and

(5)     That pursuant to 17 U.S.C. § 502, Defendant, its officers, directors, agents, servants, employees, successors, distributors, assigns and attorneys, and those controlled by or in active concert or participation with them, be permanently enjoined from infringing said copyrights of Plaintiff in any manner;

(6)     That pursuant to 17 U.S.C. § 505, Defendant pay to Plaintiff the costs of this action and reasonable attorneys' fees to be allowed to Plaintiff by this Court;

(7)     That Plaintiff be awarded prejudgment interest, post-judgment interest, attorneys' fees and costs;

B.     That Defendant, her agents, servants, employees, successors, distributors, assigns, and those controlled by or in active concert or participation with Defendant, be permanently enjoined and restrained from:

(1)     selling Plaintiff's products;

(2)     using the LIA SOPHIA Mark, or any name or mark that is otherwise likely to cause confusion, mistake, deception; and

(3)     committing any other act or thing likely to confuse, mislead or deceive others into believing that Defendant is connected with, sponsored by, or approved by Plaintiff.

C.     That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

(1)     Awarding Plaintiff statutory damages against Defendant in accordance with Section 35(c) of the Lanham Act (15 U.S.C. § 1117) up to One Million Dollars ($1,000,000) per type of good, for each finding of willful use of a counterfeit mark; or in the alternative;

(2)     In the event that Defendant is not found to have willfully used a counterfeit mark and Plaintiff's actual damages, including Defendant's profits, are less than One Million Dollars ($1,000,000) per type of good, that Plaintiff be awarded statutory damages in an

6

amount between One Thousand Dollars ($1,000) and Two Hundred Thousand Dollars ($200,000) per type of good, for each finding of non-willful use of a counterfeit mark.

      (3)     All profits received by Defendant from sales and revenues of any kind made as a result of its acts of trademark counterfeiting said amount to be trebled due to Defendant's willful actions;

      (4)     All damages sustained by Plaintiff as a result of Defendant's actions, said damages to be trebled due to Defendant's willful actions; and

      (5)     Punitive damages.

    D.    That Defendant be ordered to compensate Plaintiff for the advertising and other expenditures necessary to dispel any public confusion caused by Defendant's unlawful acts complained of herein;

    E.    That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the Court and serve on Plaintiff within thirty (30) days after issuance of a permanent injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

    F.    That, because of the exceptional nature of this case resulting from Defendant's deliberate and willful acts of unfair competition, this Court award to Plaintiff all reasonable attorneys' fees, costs and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117; and

    G.    That Plaintiff shall have such other and further relief as this Court may deem just.

                          **ACT II JEWELRY,**
                          **LLC d/b/a/ lia sophia**

                          By:    /s/ Bryan P. Sugar
                                  Its Attorney

Bryan P. Sugar
UNGARETTI & HARRIS, LLP
70 W. Madison Street
Suite 3500
Chicago, IL  60602
312.977.4400

Attorney for Plaintiff

8

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff hereby demands a

trial by jury on all issues so triable.

**ACT II JEWELRY,**

**LLC d/b/a/ lia sophia**

By:  /s/ Bryan P. Sugar

Its Attorney

Bryan P. Sugar

**UNGARETTI & HARRIS, LLP**

70 W. Madison Street, Suite 3500

Chicago, IL  60602

Telephone: 312.977.4400

Attorney for Plaintiff

9

2081802-1

**Int. Cl.: 14**

**Prior U.S. Cls.: 2, 27, 28 and 50**

**United States Patent and Trademark Office**

Reg. No. 3,193,032

Registered Jan. 2, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# LIA SOPHIA

ACT II JEWELRY LLC (DELAWARE LTD LIAB CO)
855 FOSTER AVENUE
BENSENVILLE, IL 60106

    FOR: JEWELRY, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

    FIRST USE 6-25-2004; IN COMMERCE 6-25-2004.

    THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,952,808.

    THE NAME(S), PORTRAIT(S), AND/OR SIGNA-TURE(S) SHOWN IN THE MARK DOES NOT IDEN-TIFY A PARTICULAR LIVING INDIVIDUAL.

    SER. NO. 78-810,742, FILED 2-9-2006.

ELISSA GARBER KON, EXAMINING ATTORNEY

*Exhibit A*

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**
**VA 1-766-259**

**Effective date of registration:**
December 8, 2008

---

### Title ─────────────────────────

**Title of Work:** lia sophia - Share the Love of Jewelry
Spring/Summer 2008

### Completion/Publication ─────────

**Year of Completion:** 2007

**Date of 1st Publication:** December 12, 2007    **Nation of 1st Publication:** United States

### Author ────────────────────────

■   **Author:** ACT II Jewelry LLC, dba lia sophia

**Author Created:** text, jewelry design

**Work made for hire:** Yes

**Domiciled in:** United States

### Copyright claimant ─────────────

**Copyright Claimant:** ACT II Jewelry LLC, dba lia sophia

1235 Mittle Boulevard, Wood Dale, IL, 60191, United States

### Rights and Permissions ─────────

**Organization Name:** Kalow & Springut LLP

**Name:** Milton Springut

**Telephone:** 212-813-1600

**Address:** 488 Madison Avenue
19th Floor
New York, NY 10022  United States

### Certification ──────────────────

**Name:** Milton Springut

**Date:** December 2, 2008

**Applicant's Tracking Number:** ACTII.0048

Page 1 of 2

*Exhibit B*

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-735-839

**Effective date of registration:**

August 6, 2010

---

## Title

**Title of Work:** lia sophia - Share the Love of Jewelry Fall/Winter 2010

## Completion/Publication

**Year of Completion:** 2010

**Date of 1st Publication:** June 30, 2010     **Nation of 1st Publication:** United States

## Author

- **Author:** ACT II Jewelry LLC, dba lia sophia

**Author Created:** Jewelry design

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** ACT II Jewelry LLC, dba lia sophia

1235 Mittle Boulevard, Wood Dale, IL, 60191

## Rights and Permissions

**Name:** Milton Springut

**Telephone:** 212-813-1600

**Address:** 488 Madison Avenue

19th Floor

New York, NY 10022

## Certification

**Name:** Milton Springut

**Date:** July 28, 2010

---

**Correspondence:** Yes

Page 1 of 1

**OCT 0 4 2010**

**Registration #:**   VA0001735839

**Service Request #:**   1-475460965



Milton Springut
488 Madison Avenue
19th Floor
New York, NY 10022

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Acting Register of Copyrights, United States of America

**Registration Number**

**VA 1-770-423**

**Effective date of
registration:**

December 8, 2008

## Title

**Title of Work:** lia sophia - Share the Love of Jewelry
Fall/Winter 2007

## Completion/Publication

**Year of Completion:** 2007

**Date of 1st Publication:** June 24, 2007    **Nation of 1st Publication:** United States

## Author

■    **Author:** ACT II Jewelry LLC, dba  lia sophia

**Author Created:** text, jewelry design

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** ACT II Jewelry LLC, dba  lia sophia

1235 Mittle Boulevard, Wood Dale, IL, 60191, United States

## Limitation of copyright claim

**Material excluded from this claim:** Some jewelry designs appeared in previous issues.

**New material included in claim:** Brand new jewelry designs, new text.

## Rights and Permissions

**Organization Name:** Kalow & Springut LLP

**Name:** Milton Springut

**Telephone:** 212-813-1600

**Address:** 488 Madison Avenue
19th Floor
New York, NY 10022  United States

## Certification